### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. SHARON K. WOODFAULK,<br><br>     Plaintiff,<br><br>v.<br><br>1. MERCY HOSPITAL<br> OKLAHOMA CITY,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-15-777-R<br><br><br><br>**JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED** |

### COMPLAINT

**COMES NOW THE PLAINTIFF,** and for her causes of action herein alleges:

### PARTIES

1. The Plaintiff is Sharon K. Woodfaulk, an adult female resident of Oklahoma County, Oklahoma.

2. The Defendant is Mercy Hospital Oklahoma City, a domestic for profit corporation doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff asserts claims for disability discrimination (including hostile working environment and retaliation after Plaintiff complained of discrimination) in violation of the Americans with Disabilities Act and the OADA. Jurisdiction over the federal claim is vested pursuant to 42 U.S.C. 12117(a) and 28 U.S.C. § 1331. The state law claims arise out of the same core of facts, and jurisdiction over those claims is provided by 28 U.S.C. § 1367(b).

4. All of the actions complained of occurred in Oklahoma County, Oklahoma, which is located within the Western District of Oklahoma, wherefore venue is proper in this Court under 28 U.S.C. §1391(b).

### STATEMENT OF FACTS

5. The Defendant employed at least fifteen employees during more than twenty weeks in the current or proceeding year such that it is an employer under the ADA. There

is no minimum employee requirement to be subject to suit under the OADA.

6. Plaintiff is an African American female who worked for the Defendant as a Licensed Practical Nurse (LPN) from around October 2012 until around February 27, 2015.

7. During her employment, Plaintiff suffered (and continues to suffer) from impairments including Cardiomyopathy, abnormal heart muscles and muscle movement, irregular and rapid heartbeats, and a hole in her heart, among other impairments. One or more of these impairments, without the ameliorative effect of mitigating measures, substantially limits one or more of Plaintiff's major life activities (including major bodily functions) including:

   A. normal cell growth and function of her heart;
   B. circulatory functions;
   C. Plaintiff would be substantially limited in her ability to breathe without proper heart function;
   D. Plaintiff's ability to concentrate would be substantially limited with her heart beating improperly.

8. As a result of the limitations set out in Para. 7, above, Plaintiff suffers from a disability as defined by the ADA Amendments Act (ADAAA), 42 U.S.C. § 12102(1)(A), (2)(B), in that she suffers from a condition which materially impairs major life activities and bodily functions, and/or is regarded as having such impairment, as defined by 42 U.S.C. § 12102(1)(C), (3).

9. At the least, the Defendant perceived Plaintiff to have a disability for reasons including that Defendant, through its supervisor Dan Wilkinson, threatened the Plaintiff with a cattle prod knowing this could be life threatening to the Plaintiff because of her disability.

10. Around January 2014, Dan Wilkinson (supervisor) threatened Plaintiff with an electrical cattle prod, including attempting to touch the Plaintiff on her chest with the cattle prod.

11. Plaintiff saw Mr. Wilkinson move toward her with the electrical cattle prod, and was frightened that he would touch her with the prod causing her defibrillator to malfunction and her heart to stop beating.

12. Plaintiff pushed Wilkinson away and told him that touching her with the cattle prod could cause irreparable harm to her heart and defibrillator.

13. Approximately two weeks later, Wilkinson again threatened the Plaintiff by approaching her from behind and attempting to touch the cattle prod to Plaintiff's chest by reaching over her shoulder.

14. Again, Plaintiff pushed Wilkinson away, told him to get away from her, and reminded him again that his actions could have killed her because of her heart condition.

15. In response to Plaintiff's requests to stop, Mr. Wilkinson pointed to a set of electrical paddles used to recharge a failing heart and said, "there's a crash cart over there", implying that it wasn't serious for Plaintiff's heart to fail because there was a "crash cart" available to assist.

16. Mr. Wilkinson's conduct, including that described in Paras. 10-15, above, was offensive and unwanted. Further, the conduct was severe and/or pervasive and caused the Plaintiff to be in fear of her safety.

17. Around January 25, 2015, Plaintiff emailed Nate Dilley (Director) to complain of Mr. Wilkinson's actions.

18. Around January 29, 2015, Plaintiff met with Mr. Dilley and Shareeta Smith (Human Resources Representative) regarding her complaint. During this meeting, Plaintiff complained that Wilkinson had assaulted her on two separate occasions by threatening and attempting to touch her chest/heart with an electric cattle prod, was bullying and harassing her, and that his actions were creating a hostile and unsafe work environment. Plaintiff also requested that she not be required to work the same shifts with Mr. Wilkinson until Mr. Wilkinson stopped the harassment.

19. Despite Plaintiff's requests, Defendant continued to schedule Plaintiff for shifts in

which she would have to work with Mr. Wilkinson.

20. Thereafter, Mr. Wilkson continued to retaliate against the Plaintiff, including calling Plaintiff names including "snitch", and telling people in front of Plaintiff's hearing about her trying to get him in trouble and/or start trouble.

21. Plaintiff repeatedly complained of Mr. Wilkinson's harassment, including around February 11, 2015 and February 18, 2015.

22. Despite Plaintiff's repeated complaints of harassment and requests for the Defendant to address and remedy the harassment, the Defendant refused to act and the harassment continued.

23. As a result of the harassment and retaliation, the Plaintiff's work environment became so intolerable she was constructively discharged around February 27, 2015.

24. At the least, the Defendant's conduct was motivated by her disability (as defined by the ADA) and/or her complaints of disability discrimination (including harassment).

25. Discrimination due to disabilities (actual or perceived), retaliation for complaints of disability discrimination, and the creation of a hostile work environment due to disability are contrary to the ADAAA and to the Oklahoma Anti-Discrimination Act (OADA).

26. As the direct result of the conduct described above, Plaintiff has suffered lost income (wages and benefits), past, present and future, and dignitary harms in the form of worry, anxiety, embarrassment, and other similar unpleasant emotions.

27. Under the ADAAA the Plaintiff is entitled to recover compensation for all of the damages above described.

28. Under the OADA, the Plaintiff is entitled to recover past and present lost income, reinstatement, and liquidated damages in an amount equal to wage and benefit loss through trial.

29. Because the actions of the Defendant were wanton, wilful and malicious or, at the least, in reckless disregard of Plaintiff's protected rights under the ADAAA, Plaintiff

is entitled to an award of punitive damages.

30. Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination with the EEOC on March 27, 2015. Plaintiff received her right to sue letter on April 28, 2015, and has exhausted all administrative remedies required prior to filing suit. This suit is filed within ninety (90) days of the receipt of the right to sue letter.

**WHEREFORE,** Plaintiff prays that she will be awarded judgment against the Defendant and all relief as may be appropriate, including, but not limited to, actual damages, punitive damages, liquidated damages, costs, fees, and such equitable relief as appropriate.

**RESPECTFULLY SUBMITTED THIS 16th DAY OF JULY, 2015**

s/ Christine Coleman Vizcaino
Mark Hammons, OBA # 3784
Christine Coleman Vizcaino, OBA # 30527
HAMMONS, GOWENS, HURST & ASSOC
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
E-mail: mark@hammonslaw.com
          Christine@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED