# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARON K. WOODFAULK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-777-R |
| | ) |
| MERCY HOSPITAL OKLAHOMA CITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court in this disability discrimination and retaliatory constructive discharge case is Plaintiff's motion to quash subpoenas issued to one of Plaintiff's prior employers and two of Plaintiff's subsequent employers. *See* Doc. No. 20. The subpoenas request production of the following:

> application for employment and any related matter, her resume, any offer of employment letters, acceptance letters, interview notes, all applicable job descriptions for Woodfaulk's current or past positions, any performance evaluations, any documents related to any discipline or corrective action issued to Woodfaulk, any documents related to any investigations . . . of any complaints made by or about Woodfaulk, any documents related to explanations of any fringe benefits available now or in the future to Woodfaulk, and all of her payroll data from date of hire to the present including but not limited to, pay stubs, pay and wage information, documents outlining bonus or other incentive programs and W-2 forms.

Plaintiff contends that the subpoenas are overly broad, seek information that is not relevant to any claim or defense, seek discovery of evidence inadmissible under F. R. Evid. 404(a) and are invasive of Plaintiff's privacy and intended to harass or intimidate the Plaintiff. Defendant responds that the subpoenas seek information that is relevant or that the subpoenas

are reasonably calculated to lead to the discovery of admissible evidence and argues that the information sought is routinely deemed discoverable in employment discrimination cases. Plaintiff has conceded that dates of employment, wage and benefit information and other claims of discrimination made by Plaintiff are at least arguably relevant. The Court addresses the possible relevance of the other categories of information sought by subpoenas.

### Applications, Employment Offers, Acceptance Letters, Interview Notes

This information is relevant to whether Plaintiff claimed a disability and as to whether she asked for some reasonable accommodation.

### Job Descriptions

This information is relevant to whether Plaintiff could perform certain jobs, with or without reasonable accommodation.

### Performance Evaluations

Defendant lumps such evaluations with discipline/corrective action, termination records, and investigative files and asserts that this information could bear on Plaintiff's credibility as to her allegations of a disability, alleged damages and Plaintiff's claim that she was constructively discharged from her employment at Mercy. The Court disagrees that performance evaluations are relevant in those regards and finds that performance evaluations are not remotely relevant to any of the issues in this case.

<u>Discipline and Corrective Actions</u>
<u>Investigation Documents and Complaints</u>
<u>by or about the Plaintiff</u>

Documents related to discipline amounting to termination, if any, may be relevant to the credibility of Plaintiff's complaints that she suffered weight loss and thinning hair a result of her alleged constructive discharge; in all other respects disciplinary records and documents showing corrective actions are not relevant to the issues herein. Investigative documents and complaints by or about the Plaintiff may be relevant to Plaintiff's relationships with co-workers and as to the credibility of Plaintiff's claim of disability discrimination.

<u>Benefits and Wage Information</u>

Plaintiff has in essence conceded that this information is relevant.

In accordance with the foregoing, the Court quashes the subpoenas only to the extent they seek performance evaluations and documents relating to disciplinary or corrective actions short of employment termination and to such extent Plaintiff's motion to quash is GRANTED. In all other respects, Plaintiff's motion to quash is DENIED.

IT IS SO ORDERED this 22nd day of January, 2016.

/s/ David L. Russell
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE